Daniel R. Watkins
Nevada State Bar No. 11881
dw@wl-llp.com
Michael A. DiRenzo
Nevada State Bar No. 13104
mdirenzo@wl-llp.com
WATKINS & LETOFSKY, LLP
8935 S. Pecos Rd., Suite 22A
Henderson, NV 89074
Office: (702) 901-7553; Fax: (702) 974-1297

Attorneys for Plaintiff, Hazel Nielsen

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| HAZEL NIELSEN,<br><br>Plaintiff,<br><br>vs.<br><br>CLARK COUNTY SCHOOL DISTRICT, a domestic corporation; AND DOES 1-50,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

COMES NOW, Plaintiff, Hazel Nielsen (herein "Plaintiff") and files this civil action against Defendants, and each of them, for violations of The Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., as well as violations under Nevada Revised Statutes §613.330 et seq.; and related claims under Nevada law, seeking damages, and alleges as follows:

///

///

///

///

///

///

///

**JURISDICTION AND VENUE**

1. This Court has jurisdiction and venue over this action pursuant to The Americans with Disabilities Act, 42 U.S.C. §12101 et seq., 42 U.S.C. §12111, and 28 U.S.C. § 1331, which confer original jurisdiction on federal district courts in suits to address the deprivation of rights, privileges and immunities secured by the United States Constitution and federal law.

2. Jurisdiction of this Court is also appropriate under any related claims under Nevada law.

3. Supplemental Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the United States Constitution.

4. Plaintiff has exhausted her administrative remedies.

5. All conditions precedent to jurisdiction under section 42 U.S.C. §12101 et seq. have occurred or been complied with:

a. A charge of employment discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the commission of the unlawful employment practice alleged herein and / or within 300 days of Plaintiff instituting proceedings with a State or local agency with authority to grant or seek relief from such unlawful employment practices alleged herein;

b. A Notice of Right to Sue in Federal Court was received from the U.S. Department of Justice Civil Rights Division, dated April 12, 2021. (A true and correct copy of said letter is attached and incorporated herein as Exhibit "1").

6. This complaint is filed within 90 days of receipt of the U.S. Department of Justice Civil Rights Division Notification of Right to Sue.

7. Venue is proper in the District of Nevada because the unlawful employment practices alleged herein were committed in whole or in part in the District of Nevada pursuant to 28 U.S.C. § 1391(b).

//

//

## PARTIES

8. Plaintiff, Hazel Nielsen, was a qualified/eligible "employee" of Defendant, Clark County School District within the meaning of 42 U.S.C. §12111 of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.* and Nevada Revised Statutes §§ 608.010 and 613.010 *et seq*.; and related claims under Nevada law.

9. Defendant, Clark County School District, (hereinafter "CCSD") is a Nevada corporation qualified to do business in Nevada. Defendant employs 15 or more employees and is an "employer" within the meaning of 42 U.S.C. §12111. Defendant has a school at 211 N. 28th St., Las Vegas, NV 89101.

10. Each defendant acted individually and as the employee, agent, officer, and/or representative of each other defendant at all times mentioned herein.

11. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of DOES 1 through 50, Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants are in some way responsible for, or participated in, or contributed to, the matters and things complained of herein, and is legally responsible in some manner. Plaintiff will seek leave to amend this Complaint when the true names, capacities, participation, and responsibilities have been ascertained**.**

12. CCSD and DOES 1 through 50 (collectively, "Defendants" are the named defendants in this action.

## STATEMENT OF FACTS

13. Plaintiff was born in 1950 and is currently 70 years old.

14. Plaintiff was hired by CCSD on or about August 8, 2019, as a teaching assistant at the Sunrise Acres Elementary School.

15. Plaintiff was paid $13.88 per hour at the time of her employment.

16. Plaintiff took the necessary steps to request a workplace accommodation for her medical condition prior to beginning her employment.

17. Plaintiff received a notification letter from Defendant that her request had been received, on July 18, 2019.

18. The request for accommodation was subsequently granted and Plaintiff started her employment on August 8, 2019.

19. On or about August 12, 2019, after being assigned to Ms. Abaja's (Teacher) 5th grade classroom, Plaintiff was instructed to assist a student, weighing approximately 180 pounds, by lifting the student in the restroom.

20. Plaintiff sustained aggravating and additional injuries while attempting to lift the student as instructed.

21. Plaintiff filed a worker's compensation claim and sought treatment for her injuries, as a result of the August 12, 2019 incident,

22. On or about September 4, 2019, Plaintiff was notified by Defendant that she was being discharged.

23. At the time of her termination from employment, Plaintiff was qualified for the position she held of Teaching Assistant.

**COUNT I**

**DISABILITY DISCRIMINATION**

**Americans with Disabilities Act (42 U.S.C. §12101, et seq.)**
**(Against Defendants CCSD and DOES 1-50)**

24. Plaintiff hereby incorporates paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. Plaintiff has a disability within the meaning of the Americans with Disabilities Act ("ADA"). Plaintiff suffers from back problems and uses a cane to get around. A "disability" under the ADA is a physical or mental impairment or being regarded as having a physical or mental impairment that substantially limits one or more of the major life activities of such individual. The terms disability and physical or mental impairment include (1) any physiological disorder, or condition affecting one or more of the following body systems: neurological, musculoskeletal, and others; or (2) any mental or psychological disorder such as emotional or mental illnesses, among others.

//

26. Plaintiff was a qualified individual, meaning an individual with a disability who, with or without a reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires. At all times during her employment Plaintiff satisfied the requisite skill, experience, education, and other job-related requirements of the employment position and could perform the essential functions of the position with or without reasonable accommodations.

27. Plaintiff requested of CCSD an accommodation due to her disability and CCSD knew, or had reason to know, that (a) Plaintiff has a disability; and (b) Plaintiff was experiencing workplace problems because of the disability.

28. CCSD failed to initiate and/or engage in a reasonable good faith interactive process with Plaintiff to determine what reasonable accommodations would enable Plaintiff to work. CCSD could have made a reasonable accommodation prior to the alleged incident that would have enabled Plaintiff to perform the essential functions of the job.

29. The requested accommodation was reasonable and did not impose an undue hardship on the operation of CCSD. CCSD failed to provide this accommodation and unreasonably failed to provide any other accommodation.

30. Plaintiff's disability was a substantial motivating factor for CCSD's disparate treatment of and retaliation against Plaintiff and for its unlawful employment practices that led to Plaintiff's discharge. CCSD's decision to terminate Plaintiff and to treat Plaintiff differently than other employees without disabilities affected her employment, including assignments, discipline, promotion, termination, and benefits.

31. CCSD, through its agents or supervisors, failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts, and failures to act of Defendants and CCSD's supervisors and Human Resources Department as described above, thereby ratifying the unlawful conduct of its supervisors and Human Resources Department.

32. CCSD's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Claimant's federally protected rights.

33. Claimant requests relief as described in the Prayer for Relief below.

## COUNT II

## RETALIATION

**Americans with Disabilities Act (42 U.S.C. §12101 et seq.)**
**NV Rev. Stat. §613.330 et seq.**
**(Against Defendants CCSD and DOES 1-50)**

34. Plaintiff hereby incorporates paragraphs 1 through 33 of this Complaint as though fully set forth herein.

35. Plaintiff engaged in an activity protected under federal laws by requesting accommodation for her disability under the ADA and for attempting to make a worker's compensation claim as a result of the incident that left her injured.

36. Plaintiff was subjected to the adverse employment actions described herein because of her attempts to exert her rights under the ADA and NRS 613.330 et seq.

37. Plaintiff was subjected to the adverse employment actions described herein because of her participation in the protected activity and adverse employment action would not have occurred but for that participation.

38. As a direct and proximate result of CCSD's willful, knowing, and intentional discrimination and retaliation against Plaintiff, she has suffered and will continue to suffer pain, humiliation, and emotional distress.

39. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

40. CCSD's unlawful actions were intentional, willful, malicious and/or done with reckless disregard for Plaintiff's federally protected rights.

41. Plaintiff requests relief as described in the Prayer for Relief below.

//

//

//

//

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. Economic Loss for Back Pay and Front Pay, plus prejudgment interest;
2. Compensatory Damages in accordance with 42 U.S.C. §12117, 42 U.S.C. §1983, and other applicable statutes;
3. Reasonable attorneys' fees pursuant to 42 U.S.C. §12205 and other applicable statutes;
4. Punitive Damages;
5. Costs of suit incurred herein; and
6. Such other and further relief as the court deems just and proper.

DATED this 3rd day of May, 2021

WATKINS & LETOFSKY, LLP

By: */s/ Daniel R. Watkins*
_______________________________

Daniel R. Watkins, Esq.
Michael A. DiRenzo, Esq.
8935 S. Pecos Rd., Suite 22A
Henderson, NV 89074
Attorneys for Plaintiff, Hazel Nielsen

**REQUEST FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38(b) and 42 U.S.C. §1981a, Plaintiff demands a trial by jury in this action on all issues so triable.

DATED this 3rd day of May, 2021

WATKINS & LETOFSKY, LLP

*/s/ Daniel R. Watkins*

By: ______________________________

Daniel R. Watkins, Esq.
Michael A. DiRenzo, Esq.
8935 S. Pecos Rd., Suite 22A
Henderson, NV 89074
Attorneys for Plaintiff, Hazel Nielsen

# Exhibit 1

**NOTICE OF RIGHT TO SUE**
**DATED APRIL 12, 2021**

U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

VIA EMAIL

*150 M Street, N.E.*
*Karen Ferguson , EMP, 4CON, Room 9.514*
*Washington, DC 20530*

April 12, 2021

Ms. Hazel Norton Nielsen
c/o R. Samuel Ehlers, Esquire
Law Offices of Watkins & Letofsky
[redacted]

Re: EEOC Charge Against Clark County School District, et al.
No. 34B202000023

Dear Ms. Nielsen:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under: Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and, Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

The investigative file pertaining to your case is located in the EEOC Los Angeles District Office, Los Angeles, CA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

Pamela S. Karlan
Principal Deputy Assistant Attorney General
Civil Rights Division

by /s/ Karen L. Ferguson
Karen L. Ferguson
Supervisory Civil Rights Analyst
Employment Litigation Section

cc: Los Angeles District Office, EEOC
Clark County School District, et al.